UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIEL AREVALO TORRES, OLEGARIO
CORDOVA GARDUNO, ROSAIN GOMEZ
DELACRUZ, MIGUEL GONZALEZ, EUGENIO
HERRERA, IRINEO MALPICA LAGUNES,
DEMETRIO MEJIA CORTES, NEFTALI
MENDOZA, PABLO RAMIREZ ORTIZ, JORGE
A. RODRIGUEZ ORTIZ, GUILLERMO
SANCHEZ ANDRADE, CELERINO RAMIREZ,

        Plaintiffs,

-vs-            Case No. 2:11-cv-722-FtM-29SPC

GRIFFITH CONSTRUCTION CORPORATION,

        Defendant.

_____

**ORDER**

  This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Doc. #11) filed on February 6, 2012. Plaintiffs request the Court reconsider its denial of Plaintiffs' Application for Entry of Default (Doc. #9). The Court denied the Motion without prejudice as the Return of Service (Doc. #7) did not indicate that Brian Albrecht is a registered agent for service of process or otherwise authorized to accept service on behalf of the corporation. Plaintiffs have since filed an amended return of service (Doc. #10) stating:

> Registered agent not available as directed by Florida State Statute after asking for Kimberly Griffith who is the president and sole corporate officer and the registered agent as listed on the Florida Department of State website that summons was served to an employee of the corporation at the registered agent office in accordance with F.S. 48.08(1)(d) and 48.081(3)(a).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d).

Given that the Amended Return of Service has raised new issues, namely that service was attempted in accordance with the Florida statute on the registered agent and then properly served on an employee of the Defendant, clerk's default is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration (Doc. #11) is **GRANTED**. The Clerk of Court is directed to enter clerk's default against Defendant Griffith Construction Corporation.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record